## PERKINS v. UNITED STATES.

Circuit Court of Appeals, Eighth Circuit.
November 14, 1929.

No. 8570.

William M. Nash, Chester L. Nichols, and James Fleming, all of Minneapolis, Minn., for appellant.

Robert V. Rensch, Asst. U. S. Atty., of St. Paul, Minn. (Lewis L. Drill, U. S. Atty., of St. Paul, Minn., on the brief), for the United States.

Before VAN VALKENBURGH and GARDNER, Circuit Judges, and WOODROUGH, District Judge.

GARDNER, Circuit Judge. In this case the appellant, John L. Perkins, was duly indicted in an indictment which charged that on the 17th day of May, 1928, in a certain building located on a definitely described quarter section of land, in Washington county, Minn., and within the jurisdiction of the

United States District Court of Minnesota, the defendant "did unlawfully make certain mash fit for distillation and for the production of distilled spirits, and which said building and premises hereinbefore described was not a duly authorized distillery according to law."

Prior to the trial, a motion was made on behalf of defendant to suppress and prevent the use of certain evidence, alleged to have been obtained by unlawful search and seizure in defendant's home without a search warrant. The motion was overruled, and, when this evidence, without which confessedly the verdict cannot stand, was offered, the objection thereto was renewed by the defendant and overruled. The defendant offered no evidence on the trial, the jury returned a verdict of guilty, and the case is brought to this court on assignments of error which present for review (1) the order of the court denying defendant's motion to suppress the evidence alleged to have been obtained by an unlawful search and seizure in his home; (2) the ruling of the court in denying defendant's objection to the introduction of this evidence on the trial; (3) the ruling of the court in denying defendant's motion for a directed verdict. In the view we take of the case, it will only be necessary to consider the action of the court in denying defendant's motion to suppress and in overruling his objection to the introduction in evidence the evidence obtained through the alleged unlawful search and seizure in defendant's home.

It appears from the record that on the 17th day of May, 1928, a federal prohibition agent by the name of Robert L. Rhodes, accompanied by three other agents went to the defendant's farm near Newport, Minn., arriving there about 4 p. m. They noticed a strong odor of mash. In the garage there were a number of mash barrels, a mash pump, and a number of 5-gallon jugs. They walked to the residence, where they were met by the defendant's wife, and the record is uncertain as to the sequence of following events. As near as we can determine from the record, it shows that Rhodes went to one side of the house, while the other three remained in conversation with Mrs. Perkins. Rhodes then put a ladder up to a window on the second floor, climbed up this ladder, entered the window on the second floor, and from the second floor went to the third floor, where he found 2,000 gallons of mash. He then called to his associates and said, "It is here, fellows." He came down, and then Mrs. Perkins was placed under arrest, and Rhodes entered the residence through the front door. This version is the only one with which the testimony can be reconciled. It seems fairly clear that Rhodes first entered the house through the window, searched for and found the mash, came down the ladder, joined his companions who were talking with Mrs. Perkins, then placed her under arrest and entered the home through the front door.

It is claimed that Mrs. Perkins was placed under arrest for illegal possession of mash fit for fermentation purposes. So far as the record shows, no charge of this offense was ever filed against her, and the evidence secured as a result of the search and seizure was not used against her, but was used against the defendant. The defendant was not at home at the time of this search and seizure. There is no evidence in the record that the mash found and seized in the defendant's home, a sample of which was introduced in evidence, was fit for distillation or for the production of distilled spirits, nor in fact is there evidence to show that it was fermenting. There is simply the statement of the witnesses that it was mash and that they could detect it by the odor. The odor, however, is not described and there is nothing to characterize the material which is designated as mash. So far as the record shows, it might well have been bran mash suitable for cow feed.

An attempt is made to supply by stipulation filed in this court evidence that a witness present at the trial would have testified that the mash contained in the government's exhibit was fit for distillation and for the production of distilled spirits. It is not claimed that any such testimony was in fact introduced in evidence in the trial court, and it cannot be injected into the record in this court in the first instance by stipulation of the parties. This is an appellate court, and, before evidence can be reviewed or considered here in a criminal case, it must first have been passed upon by a jury. Neither is there any evidence that the defendant made this mash, and he is charged, not with the unlawful possession, but with the unlawful making, of mash fit for distillation.

The government seeks to distinguish the facts in this case from the facts before the Supreme Court in Agnello v. U. S., 269 U. S. 20, 46 S. Ct. 4, 70 L. Ed. 145, 51 A. L. R. 409, because it is said that the entering of the residence of the defendant was made as an incident to the lawful arrest of Mrs. Perkins, defendant's wife, based upon knowledge received by the government's agents, through the senses of smell and sight, that a crime was being committed in their presence. There are a number of weaknesses in this contention. It is apparent that the primary purpose of the officers in going to defendant's

dwelling house was to make a search and seizure, and not to make an arrest, and it fairly appears from the record that the search and seizure at the defendant's home, which resulted in securing the evidence used against him, was made before the arrest of Mrs. Perkins.

The case seems clearly to be controlled by the recent decision of this court in Nick Raniele v. U. S. (No. 8408) 34 F.(2d) 877. It is doubtful whether the evidence, with that secured as the result of the search and seizure of defendant's home, is sufficient to sustain the verdict, but confessedly without such testimony it is insufficient. It follows that the court erred in not suppressing this evidence and in not granting defendant's motion for a directed verdict.

The judgment is therefore reversed, and the case remanded for further proceedings consistent herewith.